UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**RAHKEEM CHEEKS,**

    **Movant,**

v.                                       Case No. 2:16-cv-04845
                                           Case No. 2:15-cr-00137-1

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 36). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On July 1, 2015, Movant Rahkeem Cheeks (hereinafter "Defendant"), was charged with five counts of knowingly and intentionally distributing a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 12). Throughout his district court proceedings, Defendant was represented by Assistant Federal Public Defender George H, Lancaster, Jr.

On August 26, 2015, Defendant pled guilty to all of the counts of the indictment, without a written plea agreement. (ECF No. 24). On January 8, 2016, Defendant appeared for sentencing. The district court determined that Defendant's total offense

level under the United States Sentencing Guidelines was 29, with a criminal history category of VI, yielding a guideline range of 151-188 months of imprisonment. This calculation included an enhancement under USSG 4B1.1 after the district court found that Defendant qualified as a career offender based upon two prior felony controlled substance convictions. Defendant did not object to the application of the career offender enhancement.

The district court varied below the bottom of the Guideline range and sentenced Defendant to 96 months of imprisonment, followed by a three-year term of supervised release. A Judgment to that effect was entered on March 5, 2014. (ECF No. 32, Judgment in a Criminal Case).

Defendant did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit. However, on May 27, 2016, Defendant filed the instant section 2255 motion (ECF No. 56), asserting the following grounds for relief:

> **Ground One**:   Sentencing counsel was ineffective violative of the Sixth Amendment when he failed to challenge the enhancement of Cheeks' sentence pursuant to him being categorized as a Career Offender without an information pursuant to 21 U.S.C. § 851 being filed.
>
> Mr. Cheeks is charged with violations of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). Accordingly, before the Government can seek to make him qualify for an enhanced penalty pursuant to the Career Offender provision of the United States Sentencing Guidelines it was required to have filed an information pursuant to 21 U.S.C. § 851 before Mr. Cheeks pled guilty to these charges, notifying him that it was intending on utilizing his prior convictions in order to qualify him for enhanced penalties under the sentencing guidelines, giving Mr. Cheeks the opportunity to challenge in State court these prior convictions. If Mr. Cheeks' attorney George H. Lancaster, Jr., would have properly researched the issues concerning his sentence, he would have found out that no 21 U.S.C. § 851 information was filed and that as a result that the Government had no lawful authority upon which to base its request that Mr. Cheeks be sentenced as a Career Offender upon. Being that this premise is simple, basic, hornbook law, if he would have raised it via objection to the Presentence Report, and/or even if merely, at sentencing, there is a reasonable probability that the sentencing

court would have sustained the objection, and not sentenced Mr. Cheeks as a Career Offender. Accordingly, Mr. Cheeks has suffered prejudice as a result of his sentencing counsel's ineffectiveness, being that if he had properly objected to the improper/illegal Career Offender sentencing designation, a reasonable probability exists that Mr. Cheeks' sentence would have been a lot lower that what it currently is.

**Ground Two:** Sentencing counsel was ineffective violative of the Sixth Amendment when he failed to challenge the enhancement of Cheeks' sentence pursuant to him being categorized as a Career Offender even though one of the prior convictions that was used did not qualify him as such.

According to the Presentence Investigation Report Mr. Cheeks was convicted of Possession with Intent to Distribute Cocaine within 1,000 Feet of a School in Essex County, New Jersey Court on October 18, 2002. This case was designated as 2002-3-954. At any rate, as Mr. Cheeks informed his sentencing counsel, Mr. George H. Lancaster, Jr., he never pleaded guilty to such a charge on October 18, 2002. As he told Lancaster, Mr. Cheeks pled guilty to Possession of a Controlled & Dangerous Substance Within 1,000 Feet of a School, on October 18, 2002, and in exchange for this plea of guilty, the Essex County District Attorney agreed to dismiss the following charges: i) Possession of Cocaine; ii) Possession With Intent to Distribute Cocaine; iii) Distribution of Cocaine; and iv) Distribution of Cocaine Within 1,000 Feet of a School. Thus, being that this prior conviction, the one that Mr. Cheeks was actually convicted of, does not have as a part of it the elements of import, export, manufacturing, distribution, this can not lawfully be used to qualify Mr. Cheeks as a Career Offender. Hence, if Lancaster would have properly researched this particular quality of the prior conviction that was being used against Mr. Cheeks, via the Presentence Investigation Report, by way of the United States Sentencing Guidelines, his trained eye would have readily and/or instantly seen that this particular prior conviction did not qualify him as a Career Offender under the United States Sentencing Guidelines, and consequently he could've prepared and presented an objection to Mr. Cheeks being designated as a Career Offender, specifically based upon this prior conviction. Prejudice-wise, if Mr. Lancaster would have done this, being that it is hornbook, black letter law, that 1.) the sentencing court cannot utilize the wrong, incorrect, prior conviction to deem and/or sentence a defendant as a Career Offender, and 2.) the sentencing court cannot utilize a drug offense that does not have as its elements, importing, exporting, manufacturing, distributing, to qualify a defendant as a Career Offender, then a reasonable probability exists that this Court would not have sentenced Mr. Cheeks as a Career Offender. Accordingly, being that Lancaster failed to file any objections to and/or based upon this prior conviction, being that if he would have done so, a reasonable probability

3

exists that he would have received a less severe sentence, then he is/was ineffective as counsel, violative of the Sixth Amendment.

**Ground Three:** Sentencing counsel was ineffective violative of the Sixth Amendment when he failed to challenge the enhancement of Cheeks' sentence pursuant to him being categorized as a Career Offender even though one of the prior convictions that was used carried a maximum sentence of only five (5) years.

Also, similarly to the claim that Cheeks is making within Ground Two, and based upon the same prior conviction case – 2002-3-954 (Essex County, NJ) – if Cheeks' counsel would have properly investigated and researched this prior conviction, Mr. George H. Lancaster, Jr., would have seen that this prior conviction only carried a maximum penalty of 5 (five) years, and as such, it could not be used to qualify him as a Career Offender. As such, if Lancaster would have properly researched this particular quality of this prior conviction that was being used to qualify Mr. Cheeks as a Career Offender pursuant to Chapter 4 of the United States Sentencing Guidelines, once he discovered and/or found out the maximum sentence of the prior conviction, he consequently could have prepared and presented an objection to Mr. Cheeks being designated a Career Offender, specifically based upon this prior conviction not carrying severe enough of a maximum penalty to be utilized in such a manner. Hence, prejudice-wise, if Mr. Lancaster would have done this, being that this objection is based upon clear, pure, unadulterated, Supreme Court of the United States precedent, and being that the sentencing court is bound by such precedent, then a reasonable probability exists that this Court would not have sentenced Mr. Cheeks as a Career Offender. Accordingly, being that Lancaster failed to file any objections to and/or based upon this conviction, being that if he would have done so, a reasonable probability exists that he would have received a less severe sentence, then he is/was ineffective as counsel, violative of the Sixth Amendment.

(ECF No. 36 at 3-7).

Because it is apparent from the face of Defendant's motion that he is not entitled to any relief under 28 U.S.C. § 2255, the undersigned has not ordered a response by the United States and, as addressed further below, a summary dismissal of the motion is warranted.

## ANALYSIS

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). As noted by Respondent, "[t]he question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88. (ECF No. 113 at 6).

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the

5

claim on the ground of lack of prejudice. *Id.* at 697. Using this standard, the undersigned will address each claim of ineffective assistance of counsel asserted by Defendant.

### A. No information under 21 U.S.C. § 851 was necessary to impose an enhancement under the career offender guideline.

Defendant's first ground for relief asserts that Mr. Lancaster provided ineffective assistance of counsel because he failed to object to the district court's imposition of an enhancement under the career offender guideline without the government having filed an information under 21 U.S.C. § 851 prior to his guilty plea. However, Defendant is confusing two separate issues.

Pursuant to 21 U.S.C. § 851, a defendant may be subject to an increased statutory sentence under 21 U.S.C. § 841(b) if he has been convicted of one or more prior felony drug offenses. However, for such a statutory enhanced penalty to apply, the government must, before trial or a guilty plea, file an information setting forth in writing the previous convictions to be relied upon. Ultimately, the defendant must affirm or deny whether he is the person who has been previously convicted of the subject conviction(s) or he may challenge the same through a hearing. *See* 21 U.S.C. § 851.

This process, however, is not applicable to the imposition of an enhancement under Chapter 4 of the United States Sentencing Guidelines. To be found to be a career offender under the Guidelines, the district court must find that: 1) the defendant was at least eighteen years old at the time of the instant offense; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). If the district court makes such a finding, the defendant is subject to an increased offense level determined in accordance

6

with his offense of conviction's statutory maximum, as well as an increase in his criminal history category to a level VI. *See* U.S.S.G. § 4B1.1(b). Accordingly, section 851 does not directly govern a career offender designation under the Guidelines.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Mr. Lancaster's conduct did not fall below an objective standard of reasonableness and Defendant cannot demonstrate prejudice from his failure to object to the imposition of Defendant's career offender enhancement without the filing of a section 851 enhancement. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Ground One of Defendant's section 2255 motion lacks merit.

### B. Defendant was properly found to be a career offender.

In Grounds Two and Three of his section 2255 motion, Defendant contends that Mr. Lancaster provided ineffective assistance of counsel because he failed to object to the district court's imposition of a career offender enhancement when, according to Defendant, one of his prior convictions used for such enhancement did not qualify as a predicate offense. Specifically, Defendant contends that his 2002 New Jersey conviction for Possession With Intent to Distribute a Controlled & Dangerous Substance Within 1,000 Feet of a School fails to qualify as a predicate offense under the career offender guideline because it does not have as a element the import, export, manufacturing or distribution of a controlled substance, and because it only carried a maximum sentence of five years.

The definition of a "controlled substance offense" found in U.S.S.G. § 4B1.2(b) is dispositive of these claims. That section defines a "controlled substance offense" for the purpose of the career offender provision as follows:

7

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b). (U.S. SENTENCING COMM'N 2015). Thus, a qualifying predicate offense need only be a felony (that is, an offense punishable by a term of imprisonment exceeding one year) and be a controlled or counterfeit substance offense that has as an element the manufacture, import, export, distribution, dispensing of the controlled or counterfeit substance, or the possession with intent to manufacture, import, export, distribute, or dispense such controlled or counterfeit substance.

Defendant's 2002 New Jersey controlled substance offense which served as one of the predicate offenses for his career offender enhancement, and which he now challenges for the first time, meets these criteria. Although Ground Two of Defendant's section 2255 motion contends that Defendant pled guilty only to "Possession of a Controlled & Dangerous Substance Within 1,000 Feet of a School," a review of the underlying Indictment and Judgment of Conviction from Case No. 2002-3-954, which were acquired by the United States Probation Officer who prepared Defendant's Presentence Report, demonstrates that Defendant pled guilty to and was convicted of Count # 3 of the indictment therein charging him with "**Possession With Intent to Distribute** a Controlled & Dangerous Substance (Cocaine) Within 1,000 Feet of a School." (*See* Court's Ex. A attached hereto) [Emphasis added].

In light of the definition above, Defendant's 2002 New Jersey controlled substance conviction had as an element the possession with intent to distribute a controlled substance and such offense was punishable by a term of imprisonment in excess of one

8

year. Thus, it clearly qualifies as a predicate controlled substance offense for the career offender enhancement.

Moreover, Defendant's claim in Ground Three of his section 2255 motion concerning a five-year maximum sentence is frivolous, as there is no provision in the career offender guidelines concerning the length of a qualifying sentence, other than the requirement that it be a felony with a term of imprisonment in excess of one year. Therefore, Defendant was properly found to be a career offender under the Guidelines and Mr. Lancaster did not err in failing to object to the application of the career offender enhancement.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated that Mr. Lancaster's conduct fell below an objective standard of reasonableness, or that Defendant suffered any prejudice resulting therefrom. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Defendant is entitled to no relief on his claims in Grounds Two and Three of his section 2255 motion.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 36) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States

District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

May 30, 2018

Dwane L. Tinsley
United States Magistrate Judge